**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case 21-30895** |
| **BIG KAT DADDYS, LLC** | § | |
| | § | **(Chapter 11,** |
| **Debtor.** | § | **Subchapter V)** |

**BIG KAT DADDYS, LLC PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11**

**THIS PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 IS SUBMITTED TO ALL CREDITORS OF THE DEBTOR ENTITLED TO VOTE ON THIS PLAN. IT CONTAINS INFORMATION THAT MAY AFFECT YOUR DECISION TO ACCEPT OR REJECT THE PLAN UNDER CHAPTER 11 SUBCHAPTER V OF THE UNITED STATES BANKRUPTCY CODE. ALL CREDITORS AND INTEREST HOLDERS ARE URGED TO READ THIS PLAN WITH CARE.**

Big Kat Daddys, LLC, the Debtor in this chapter 11 case, file this Plan of Reorganization and Disclosure Statement. The Debtor is seeking to repay their debts over time pursuant to the terms of their Plan of Reorganization. As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

The Court has not yet confirmed the Plan. In other words, the terms of the Plan are not yet binding on anyone. If the Court later confirms the Plan, then the Plan will be binding on the Debtors and on all creditors and interest holders in this case.

The Debtors represent that everything in this document is true to the best of their knowledge. **READ THIS DOCUMENT CAREFULLY IF YOU WANT TO KNOW:**

- Who can vote or object.
- The treatment of your claim is (*i.e.*, what your claim will receive if the plan is confirmed).
- The history of the debtor and significant events during the bankruptcy.
- How the court will decide whether to confirm the plan.
- The effect of plan confirmation.
- Whether this plan is feasible.

**1. Background**

The Debtor filed a voluntary petition on 03/11/2021 that commenced this chapter 11 subchapter V bankruptcy case. The filing of the petition constituted an order for bankruptcy relief under § 301 of the Bankruptcy Code. Upon the filing of the case, an automatic stay was imposed pursuant to § 362(a) of the Bankruptcy Code. The automatic stay prohibits most collection activities against the Debtor's and their property. There are certain exceptions set forth in § 362(b) of the Bankruptcy Code.

The Debtor operates as a bar/restaurant located at 463 FM 1488, Conroe, TX 77384 since 2009. The Debtor's primary income is derived from the sale of alcoholic beverages, food and entertainment.

The first date scheduled for the meeting of creditors under § 341(a) of the Bankruptcy Code was 04/27/2021. The meeting took place as scheduled and was concluded on that date.

When the Debtor filed this bankruptcy case, all of their property became property of the bankruptcy estate.

There are no other bankruptcy cases related to this bankruptcy case.

**2. Events Leading Up to Bankruptcy**

Debtor for a period of time had hired William Pierson to manage the books, file appropriate tax returns and pay the various taxes that were due. Mr. Pierson at some point did not fulfill his duties and the Debtor became delinquent in both the filings of the required Federal and State tax returns and also paying those amounts owed to the taxing authority.

The Debtor litigated the taxes owed and an administrative Court held the Debtor liable to 2 claims of $108,652.84 and $66,601.35 in taxes with penalty and interest (according to the proof of claims filed in this case). The Debtor Subsequently took out a loan with Funding Metrics, LLC dba Lendini which exacerbated as the rate of payback of daily withdrawals was taking a toll on the business.

In early March 2021, the Texas Comptroller of Public Accounts exercised their lien rights onto the Debtor's business accounts, which effectively forced the debtor to be put in a dire circumstance to continue operating its business. The Debtor sought Chapter 11 Bankruptcy protection soon after.

The Debtor did file for Chapter 11 Bankruptcy under case 20-30274 on January 16th, 2020, however shortly after filing, the COVID-19 Pandemic started and government restrictions on running the Debtor's business severely affected revenues and the case was subsequently dismissed on October 9th, 2020 due to uncertainty of the future of governmental regulations because of the pandemic.

## REORGANIZATION

**3.** In general, the Plan proposes that Big Kat Daddys, LLC continue to operate the bar/restaurant and fund the Plan from operating income. Jayce Thacker is the sole owner and therefore the single

member of the Debtor and will continue to operate as the general manager of the Debtor.

Mr. Thacker has also taken control over the duties of preparing the required State Tax forms and making timely payments. Debtor believes the business brings in sufficient income to which all Creditors can be paid as accordance to this Plan.

**4. Creditors Divided into Classes.**

The Bankruptcy Code requires that creditors be divided into classes in the Plan. That is, creditors with similar legal rights are put into the same class. All creditors and the classes they are in are detailed in Paragraph 10.

**5. Creditors' Right to Vote on the Plan.**

In a Chapter 11 reorganization, generally, creditors have the right to Vote on a Plan. Accordingly, each creditor should read this Plan carefully, discuss it with a lawyer and consider whether they should object to the Plan as discussed in the next Paragraph.

The Court will conduct the "Confirmation Hearing" in this case to decide whether to confirm the Plan on _____ , 2021 at _____ .m. Because of the on going pandemic, it is anticipated that the Confirmation Hearing will be held by video and telephone. Details of the hearing and participation will be provided as part of the Notice of the Confirmation Hearing

**6. Creditors Also Have the Right to Object to the Confirmation of the Plan.**

If a creditor believes this Plan does not meet the requirements of the Bankruptcy Code, the creditor may file a written objection with the Bankruptcy Court. The deadline for objections has been set for ___________ , 2021.

**7. The Court May Approve this Plan and Limit Creditor's Legal Rights.**

The Court will consider only written objections that are timely filed and ballots that are timely filed. If no objections are filed (or if all objections are overruled by the Court), the Court may approve the Plan. If the Court approves the Plan, all creditors will be bound, even if a creditor did not vote and even if a creditor voted against the Plan. This means that a creditor will only be allowed to collect its claim against Big Kat Daddys, LLC as provided in the Plan.

**8. How Does a Class "Accept" the Plan?**

Each Class of creditors is considered separately. Only the creditors who vote are counted. The Court will conclude that the Class "accepts" the Plan if two requirements are met:

- More than 50% of the voting creditors vote in favor of the Plan; and
- Those creditors voting in favor of the Plan hold at least 2/3 of the total amount of the debt that is voted.

**<u>CLASSIFICATION AND PLAN PAYMENTS</u>**

**9. Which Class are you as a Creditor in, and How Does Big Kat Daddys, LLC Propose to Pay the Class Under the Plan?**

The following is a list of the Classes for each of Big Kat Daddys, LLC creditors and how the Plan proposes to pay each class:

**Administrative claims:**

a. Jarrod B. Martin, Subchapter V Trustee. Jarrod B. Martin is the Subchapter V appointed pursuant to 1183.(a). For Plan projection purposes only, the Debtor had estimated that the Subchapter V Trustee fees will be approximately $5,000. The Subchapter V Trustee's fees will be paid in full within thirty (30) days of the later of the Court approving such fees or the Effective Date.

b. Debtor's Counsel, Nima Taherian Debtor's counsel estimates that it will have approximately $5,000.00 in unpaid attorney's fees. Such fees will be paid in full within thirty (30) days of the later of the Court approving such fees or the effective Date.

**Class 1: State Tax Claims- Partially Secured**

Class 1 claims total approximately $175,254.19 and are comprised of claims from the Texas State Comptroller of Public Accounts for Mixed Beverages Sales taxes owed by Big Kat that are secured by a valid lien on the Debtor or its property. The Debtor will pay $110,000.00 of the tax owed along with annual interest rate of 4.25% on the claim and will consider the balance of $65,254.19 as an unsecured claim and paid as a general unsecured claim. This class is impaired.

**Class 2: Texas Workforce Commission- Priority**

Class 2 claims are currently under review as of the date of this plan. The current proof of claim shows a balance of $12,491.65 and are comprised of claims from the Texas Workforce Commission for Unemployment Taxes. A final determination is expected prior to confirmation of this plan. Once a final determination has been made and the proof of claim has been amended the Debtor will pay the claim in full in 60 monthly installments starting on the first month following ninety (90) days after the effective Date. Debtor shall timely file the required reports and pay all post-petition tax debt owed to the Texas Workforce Commission in the ordinary course of business as such tax debt comes due and prior to said unemployment taxes becoming delinquent without the need of the Texas Workforce Commission filing an administrative expense claim and/or request for payment. This class is impaired.

**Class 3: Funding Metrics, LLC d/b/a Lendini- Partially Secured**

Class 3 claims total approximately $136,003.06 for which $10,000.00 of the claim shall be paid as a secured claim at 0% interest over 60 monthly installments starting on the first month following ninety (90) days after the effective Date with the balance being treated as an unsecured claim and paid as a general unsecured claim.

**Class 4: Unsecured Creditors**

Class 4 claims is comprised of approximately $175,000.00 in unsecured claims listed on the Debtor's schedules, unsecured claims filed and the unsecured portions of the secured claims of Texas Comptroller of Public Accounts and Funding Metrics. The Unsecured Creditors will receive a pro rata distribution of $30,000 starting on the first of the month after Classes 1,2,3 and 4 have been satisfied. This class is impaired.

**10. What If a Creditor Is Not Listed in Paragraph 9 Above?**

Paragraph 9 lists all of the classes of creditors who were listed on Big Kat's schedules and/or have filed claims against Big Kat in the case. The deadline to file a proof of claim is June 2, 2021 (July 28, 2021 for a governmental unit) and thus additional claims may be filed. Any claims not yet filed or described in Paragraph 10 will be considered either allowed or disputed as appropriate. All classes of claims that are to be paid under the Plan are listed in Paragraph 9.

**11. How Does the Plan Propose to Remit Payments to Creditors?**

Big Kat through it representative, Jayce Thacker, will act as the disbursing agent of all amounts due pursuant to this Plan.

**12. What if TBAG Fails to Make Plan Payments?**

Should the Debtor fail to make any payments to a Class, 1, 2 or 3 Secured Creditor as required in this Plan, such Secured Creditor shall provide written notice of that default by sending written notice by email and certified mail to Debtor and Debtor's attorney advising of that default, and providing the Debtor with a period of fifteen (15) days to cure the default. In the event that the default is not cured within fifteen (15) days, such Secured Creditor may, without further order of this Court or notice to the Debtor, pursue all of their rights and remedies available to them under Texas law.

Additionally, the failure to timely pay post-petition and/or post-confirmation taxes while the Debtor is still paying any pre-petition debt, shall be considered an event of default. A Property Tax Claimant shall provide Debtor with written notice of that default and a fifteen (15) day opportunity to cure said default. In the event that the Debtor fails to timely cure the post-petition and/or post-confirmation default, such Property Tax Claimant may, without further order of this court or notice to the Debtor, pursue all of their rights and remedies available to them under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. In the event of a default in the payment of post-petition taxes, the Debtor shall be required to pay all penalties and interest imposed under applicable non-bankruptcy law to cure the default.

The Debtor shall be entitled to no more than two (2) Notices of Default from any Secured Creditor. In the event of a third (3rd) default, a Secured Creditor may pursue all rights and remedies available to it under Texas law in state district court without further order of this court or further notice to the Debtor.

**13. How Does the Plan Propose to Pay Administrative Expenses and Fee Claims?**

As of the date of confirmation, Big Kat will owe Subchapter V Trustee Fees and administrative professional fees to Debtor's counsel which will be paid as follows:

A. <u>Subchapter V Trustee Fees</u>. Pursuant to 11 U.S.C. §1183(a), the United States Trustee

appointed Jarrod B. Martin as Subchapter V Trustee. The Subchapter V Trustee fees are subject to review and approval by the Bankruptcy Court. For purposes of Exhibit A Plan Projections only, the Subchapter V Trustee fees have been estimated as $5,000. The amount of fees approved by the Court will be paid by Big Kat within thirty (30) days of the later of the Effective Date or after the Bankruptcy Court's approval of the Subchapter V Trustee fee application.

B. Law Office of Nima Taherian Fees. The Debtor filed an Application to Employ Law Office of Nima Taherian as Debtor's Counsel which was approved by the Court on April 20th, 2021 [Doc. 28]. For purposes of Exhibit A Plan Projections only, Law Office of Nima Taherian fees have been estimated as $5,000. The amount of fees approved by the Court will be paid by Big Kat within thirty (30) days of the later of the Effective Date or after the Bankruptcy Court's approval of Nima Taherian's fee application.

**GENERAL AND ADMINISTRATIVE MATTERS**

**14. Are the Executory Contracts or Leases Assumed or Rejected?**

Big Kat has a lease with Cedar Springs Holdings, LLC to rent the commercial space to operate its business, this lease is assumed. To the extent that any prepetition executory contracts or leases exist, they are rejected. Any party believing it has an executory contract or lease with the Debtor that has been rejected will have thirty (30) days to file a claim for the amount which results from the rejection of the executory contract or lease.

**15. Disputed Claims and Resolution of Claims Disputes**

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. Unless otherwise ordered by the Bankruptcy Court, the Debtor shall file and serve all objections to claims no later than (i) 60 days after the later of (a) the Effective Date; or (b) the date on which a proof of claim or request for payment is filed with the Bankruptcy Court or (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**16. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A Liquidation Analysis is attached to the Plan as Exhibit B. As reflected in the Liquidation Analysis the Plan proposes to pay unsecured creditors significantly more than would be available if Big Kat were liquidated.

**17. Ability to Make Future Plan Payments and Operate Without Further Reorganization**

Big Kat must also show that it will have enough cash over the life of the Plan to make the

required Plan payments and operate the debtor's business. Big Kat has provided projected financial information as Exhibit A. The Financial and Plan Projections show that the Debtor will have sufficient net income to pay the plan payments proposed under the Plan. The final Plan payment is expected to be paid in July 1st, 2026.

**18. Definitions and Rules of Construction**

The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**19. Effective Date**

The effective date of this Plan is the first business day following the date that is 15 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect TBAG's Plan of Reorganization For Small Business under Chapter 11 on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**20. Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**21. Binding Effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**22. Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**23. Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**24. Corporate Governance**

To the extent required by §1123(a)(6) of the Bankruptcy Code, TBAG is prohibited from issuing non-voting equity securities.

**25. Retention of Jurisdiction**

The Court shall retain and have exclusive jurisdiction over this Chapter 11 Case to the maximum extent provided by law.

**26. Discharge**

If the Debtor's Plan is confirmed under §1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in §1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

- imposed by this Plan; or
- to the extent provided in §1141(d)(6).

If the Debtor's Plan is confirmed under §1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first three (3) years of this Plan, or as otherwise provided in §1192 of the Code. The Debtor will not be discharged from any debt:

- on which the last payment is due after the first three (3) years of the plan, or as otherwise provided in §1192; or
- excepted from discharge under §523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**27. What to Do for More Information?**

Creditors should talk to a lawyer about their rights and the responsibility in this case. Creditors should have their lawyers call or email the lawyer for the Debtor or Big Kat, as follows:

Debtor's lawyer: Nima Taherian, Law Office of Nima Taherian
701 N. Post Oak Rd. Ste 216
Houston, TX 77024
Tel: 713-540-3830
Fax: 713-862-6405
nima@ntaherian.com

If a creditor does not have a lawyer, but still wants more information, that creditor can call the foregoing lawyers directly. **HOWEVER, THESE LAWYERS CANNOT GIVE CREDITORS LEGAL OR FINANCIAL ADVICE BECAUSE THESE LAWYERS REPRESENTS TBAG AND NOT OTHER CREDITORS**.

**28. Please Vote for this Plan**.

The Debtor asks that the Creditors vote in favor of this plan because it will result in the greatest recovery for its creditors.

THE DEADLINE FOR BALLOTS IS _______________, 2021.

Mail, fax or email your ballot to:

Nima Taherian,
Law Office of Nima Taherian
701 N. Post Oak Rd. Ste 216

Houston, TX 77024
Tel: 713-540-3830
Fax: 713-862-6405
nima@ntaherian.com

Dated: June 9th, 2021

/s/ Nima Taherian
Law Office of Nima Taherian
701 N. Post Oak Rd, Ste 216
Houston, TX 77024
Phone: 713-540-3830
Fax: 713-862-6405
nima@ntaherian.com

/s/ Jayce Thacker
BIG KAT DADDYS, LLC
by Jayce Thacker, Managing Member