United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 31, 2021
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
|    BIG KAT DADDYS, LL | § | CASE NO: 21-30895 |
|    Debtor(s) | § | |
| | § | CHAPTER 11, SUB V |

## ORDER CONFIRMING PLAN

The plan under Chapter 11 of the Bankruptcy Code filed by Big Kat Daddys, LLC on July 26th, 2021 or a summary thereof, having been transmitted to creditors and/or equity security holders; having held a hearing on Debtor's Plan; finding that the ballots return indicate that this Plan is non-consensual; and for the reasons stated on the record, the Court finds the Plan should be confirmed; and it is therefore

**ORDERED** that the plan filed by Big Kat Daddys, LLC on July 26th, 2021 is confirmed pursuant to 11 U.S.C. § 1191(b); it is further

**ORDERED**, that The Debtors are authorized to execute, deliver, and file all documents as may be necessary, required, or appropriate to carry out the provisions of the confirmed Plan, and take all necessary ministerial acts to effect the terms of this order; it is further

**ORDERED** that except as otherwise provided herein, all distributions under the Plan shall be made by Jarrod B. Martin, the subchapter V trustee ("**Trustee**") on the Effective Date. The Trustee shall not be required to give any bond or surety or other security for the performance of his duties unless otherwise ordered by the Bankruptcy Court. In the event that the Trustee is so ordered, all costs and expenses of procuring any such bond or surety shall be borne by the Reorganized Debtor; it is further

**ORDERED** that the Trustee shall be empowered to: (a) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan; (b) make all distributions contemplated hereby; (c) exercise such other powers as may be vested in the Trustee by order of the Bankruptcy Court, pursuant to the Plan or as deemed by the Trustee to be necessary and proper to implement the provisions hereof; it is further

**ORDERED** that the Debtor shall make monthly payments to the Trustee beginning October 1, 2021 and each month thereafter on the 1st of the month. The Trustee shall begin distributions on November 1, 2021 and shall continue such distributions for 36 months thereafter. If the Debtor fails to make a distribution within 15 days, the Trustee may file a Notice of Default. After the second Notice of Default in any calendar year, the Trustee shall file a Motion to Dismiss or Convert the Bankruptcy Case.

**ORDERED** that except as otherwise order by the Bankruptcy Court, all reasonable compensation, fees and expenses incurred by the Trustee on or after the Effective Date shall be paid by the Debtor, subject to fee application and approval by the Bankruptcy Court; it is further

**ORDERED** that all rights of the holders of Claims of all classes under the Plan, including, without limitation, the right to receive distributions on account of such Claims, shall hereinafter be limited solely to the right to receive such distributions, and retain such liens and other rights, only as exclusively as provided in this Order and the Plan; it is further

**ORDERED** that Notwithstanding anything in the Plan or this Confirmation Order to the contrary, any and all tax liens securing the ad valorem tax claim of Montgomery County for the 2021 tax year are retained. The Debtor shall pay the 2021 tax claim of Montgomery County in the ordinary course of business and prior to delinquency under Texas law. In the event the 2021 taxes are not paid prior to delinquency as required under Texas law, penalties and interest shall accrue as provided under Texas law and Montgomery County is authorized to immediately commence any and all collection actions authorized under Texas law, in state court without further order of this Court; it is further

**ORDERED** that after confirmation, Debtor shall timely file all post-confirmation quarterly operating reports, in the format required by the United States Trustee, reporting on the operations for each month (or portion thereof) that this case remains open; it is further

**ORDERED** that, if this case is later converted to a case under chapter 7 of the Bankruptcy Code, all assets of the debtor shall revest in the chapter 7 estate and be subject to administration by a chapter 7 trustee; it is further

**ORDERED** that the debtor provides the Subchapter V Trustee access to information and access otherwise to fulfill the Trustee's duties pursuant to section 1183; it is further

**ORDERED** that the Trustee shall review the post-confirmation quarterly reports. Based on those reports, the Trustee, in his sole discretion, may file a motion seeking an increase or decrease in plan payments based on disposable income. The Debtor may, in its discretion, may file a motion seeking an increase or decrease in plan payments.

**ORDERED** that the Debtor set aside an amount of $1,000 per month as fees to compensate the Subchapter V Trustee. This amount may be modified by the Trustee and the Debtor in writing, without further Order of this Court; it is further

**ORDERED** that defaults under the plan shall include failing to meet projected disposable income and failing to report periodically; it is further

**ORDERED** that upon completion of all payments under the Plan, Debtors shall file a motion for discharge, served on all holders of Allowed Claims, in which they will certify that (i) they meet the standards set forth in 11 U.S.C. § 1192 of the Code; and (ii) they completed all payments under the Plan within three (3) years of the Effective Date. Unless a party objects and the Court sustains the objection to the motion for discharge, Debtors will be discharged; it is further

**ORDERED** that the failure specifically to include any particular provisions of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety, except as modified or otherwise provided for herein; it is further

**ORDERED** that So long as such amendments or modifications do not materially affect the interests of creditors, the Debtors may propose amendments or modifications to the Plan after the entry of this Order, subject to, upon notice and hearing, the approval of this Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan; it is further

**ORDERED** that after the entry of this Confirmation Order, pleadings shall only be served upon the United States Trustee, and any party directly affected by the pleading and its counsel, if known (i.e, claims objections need only be served upon the person who filed the claim that is subject to the objection, its counsel, if known, and the United States Trustee); it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that this Court retains jurisdiction to (i) enforce and implement the terms and provisions of the Plan and this Order, all amendments thereto, any waivers and consents herein provided, and any agreements executed in connection herewith (ii) compel implementation of the transactions described in the Plan, (iii) resolve any disputes arising under or related to this Order or the Plan, (iv) adjudicate all disputed claims and determine the amount in which a disputed claim shall be allowed and the extent to which any disputed claim is secured, and (v) to interpret, implement and enforce the provisions of this Order and the Plan; and it is further

**ORDERED** that to the extent there are conflicting provisions in the Plan, this Order shall govern.

A copy of the confirmed plan is attached.

Signed: August 31, 2021

Jeffrey P. Norman
United States Bankruptcy Judge