## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 21-30895–JPN** |
| **Big Kat Daddys, LLC,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | **Subchapter V** |

---

### FIRST INTERIM APPLICATION FOR COMPENSATION OF
### JARROD B. MARTIN, SUBCHAPTER V TRUSTEE AS DISBURSING AGENT

---

Pursuant to Bankruptcy Local Rule 9013:

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
>
> **A HEARING HAS BEEN SCHEDULED FOR NOVEMBER 20, 2024 AT 11:00 A.M. BEFORE THE HONORABLE JEFFREY P. NORMAN. PARTIES MAY APPEARAN IN PERSON AT 515 RUSK, COURTROOM 403, HOUSTON, TX 77002 OR VIA TELEPHONE/VIDEO.**
>
> PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.
>
> PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. TO ACCESS THE HEARING, DIAL 1 (832) 917-1510. CONFERENCE CODE: 174086.
>
> TELEPHONIC PARTICIPANTS MAY CONNECT ON-LINE TO VIEW THE COURT'S BROADCAST ONTO THE COURTROOM'S TELEVISION MONITORS. TO VIEW ONLINE, YOU MAY CONNECT THROUGH THE WEBSITE LOCATED AT:
>
> **https://www.gotomeet.me/JudgeNorman**

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

Jarrod B. Martin, Subchapter V Trustee, moves the Court for an order approving this final application for compensation and expense reimbursement as the duly appointed Trustee in the amount of $19,623.43, which includes fees of $19,150.50 and costs of $472.93, and allowing him the same as an administrative expense against the bankruptcy estate for work related to post-confirmation work as the disbursing agent of a non-consensual plan and in support states as follows:

## JURISDICTION

1.      The court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), (b) and (e) and General Order 2012-7 of the United States District Court for this District.

2.      This is a core proceeding in which the Court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(A), (B), (M) and (O).

3.      This Court has constitutional authority to enter a final order regarding this matter. Court approval of fees and expenses of estate professionals has no equivalent in state law, thereby rendering the Supreme Court's opinion in Stern v. Marshall inapplicable.  See *In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, 564 U.S. 462 (2011)). In the alternative, allowance and payment of professional fees under §§ 330(a) and 503 of the Bankruptcy Code is an essential bankruptcy matter which triggers the "public rights" exception. *See Id*.

## BACKGROUND

4.      On March 11, 2021 ("**Petition Date**"), Big Kat Daddys, LLC ("**Debtor**") filed a voluntary petition under Subchapter V of Chapter 11 ("**Petition**").[1]   The Debtor operates as a

---

[1]  ECF No. 1.

bar/restaurant located at 463 FM 1488, Conroe, TX 77384 since 2009. The Debtor's primary income is derived from the sale of alcoholic beverages, food and entertainment.[2]

5.      The following day, the United States Trustee ("**UST**") appointed Jarrod B. Martin as the Subchapter V Trustee pursuant to § 1183(a).[3]

6.      The Court confirmed the Debtor's Chapter 11 Plan by Order dated August 31, 2021 ("**Confirmation Order**"),[4] as a non-consensual plan and the Trustee is acting as the disbursing agent.

7.      The Trustee requests the amount of $19,623.43, which includes fees of $19,150.50 and costs of $472.93 for post-confirmation work as a disbursing agent. The average fees during the period equate to less than $550.00 per month to act in this capacity, which is less than one-hour of time at the Trustee's current billable rate of $600 per hour. The Trustee did not increase his fees during the pendency of the plan, which results in a substantial discount to the former debtor.

8.      The Trustee is currently holding $9,953.74 in a segregated retainer account for payments for his fees.

9.      The Trustee anticipates that the plan and his final report will be filed no later than January 30, 2025, depending on the status of outstanding disbursements.

## TRUSTEE APPOINTMENT AND DUTIES

10.      On June 1, 2021, the Office of the United States Trustee appointed Mr. Martin as the  Trustee for this case.[5]    The Trustee is compensated on an hourly basis, and all payments  to

---

[2]  ECF No. 38
[3]  ECF No. 8.
[4]  ECF No. 64.
[5]  ECF No. 3.

be made to the Trustee are to be from funds held by the debtor; no other payments have been promised to him other than those approved by the Court.

11.     As the Trustee, Mr. Martin is subject to the statutory duties set for in § 1183, which 1183, which incorporates by reference certain chapter 7 trustee duties as specified in § 704(a) and certain chapter 11 trustee duties as specified in § 1106(a).  The trustee has a fiduciary responsibility to the bankruptcy estate.  The Trustee has an obligation to monitor the case, assessing the financial viability of the Debtor, communicating with creditors, and facilitating the development of a consensual plan of reorganization.  Because a debtor-in-possession can be removed pursuant to § 1183(b)(5), the Trustee must be diligent in his duties.  However, the Trustee is also cognizant of the cost constraints in Subchapter V cases.

12.     Pursuant to the Handbook for Small Business Chapter 11 Subchapter V Trustees, the Trustee may seek compensation for its work in the case prior to the conversion of dismissal.

13.     The Trustee is a "case-by-case" trustee compensated through § 330(a)(1)(A) which allows for "reasonable compensation for actual, necessary services rendered by the trustee … and by any paraprofessional person employed by any such person."

14.     In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

> a.   the time spent on such services;
>
> b.   the rates charged for such services;
>
> c.   whether the services were necessary to the administration of the case, or beneficial at the time at which the services were rendered; and
>
> d.   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

15.     Mr. Martin is an experienced bankruptcy lawyer having been licensed since 2009. The Trustee is a former law clerk to the Honorable Jeff Bohm, has acted as a trial attorney with the Office of the United States Trustee, and has represented bankruptcy trustees, Chapter 7 and Chapter 11 debtors in numerous bankruptcy cases. Mr. Martin is one of only a handful of Subchapter V Small Business Chapter 11 Case Trustees for this district. Ms. Coleman is a senior paralegal in the bankruptcy, restructuring, and creditors' rights practice at Chamberlain Hrdlicka White Williams & Aughtry and has worked with the Trustee for more than six years.  Ms. Coleman has more than 20 years of experience in the legal field, holding both bachelor's and master's degrees, and is currently a doctoral student in the business school at Liberty University.  The Trustee regularly uses the services of Ms. Coleman to reduce the overall expense of serving as Subchapter V Trustee.

16.     The hourly rates charged on the attached exhibit are reduced rates from the usual and customary charge to all  of Mr. Martin's clients for services of the type provided, at the time provided.   This application  covers the period September 1, 2021 through September 30, 2024. This is a first interim compensation for post-confirmation work as a disbursing agent.

17.     The Trustee is currently holding $9,953.74 in trust. Once the application is approved, the Trustee will apply these funds to the amounts outstanding and the Trustee will bill the Debtor for the delta.

## PROJECT SUMMARY

18.     Pursuant to the U.S. Trustee's Guidelines, the Trustee classified all services performed for which compensation is sought into categories.  The Trustee generally utilizes the American Bar Association Code Set, although depending on the needs of the case, includes additional task codes.  The Trustee attempted to divide the services he rendered into appropriate categories.  However, because certain services may relate to more than a single category, services

pertaining to one category may be included in another category.  In an effort to reduce costs to the bankruptcy estate, the Trustee uses a paralegal.  A summary of the time expended by the Trustee and his paralegal, together with their respective hourly rates by project category are attached as **Exhibit A**.  A detailed statement of the services rendered, time expended, and expenses incurred is attached hereto as **Exhibit B** provides detailed descriptions of the services the Trustee rendered with respect to each of these categories.

**CONCLUSION**

WHEREFORE, Jarrod B. Martin, the duly appointed Subchapter V Trustee requests that this  Court enter an order approving his fees in the amount of $19,623.43 on an interim basis;[6] and allowing him that amount  as an administrative expense against the bankruptcy estate.  A proposed order is attached.

Dated: October 26, 2024

Respectfully submitted,

By: */s/ Jarrod B. Martin*
Jarrod B. Martin, Subchapter V Trustee
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: JBM.Trustee@chamberlainlaw.com

***Subchapter V Trustee***

---

[6] The Trustee intends to file fee applications and requests for compensation in relation to post-confirmation work.

## CERTIFICATE OF SERVICE

This is to certify that on October 26, 2024, a true and correct copy of the above and foregoing Application has been forwarded by ecf to the parties listed below.

**Debtor's Attorney**
Nima Taherian

**US Trustee's Attorney**
Jana Smith Whitworth

*/s/ Jarrod B. Martin*
Jarrod B. Martin