United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 21-30895 |
| BIG KAT DADDYS, LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

### ORDER APPROVING FINAL APPLICATION FOR COMPENSATION IN PART AND DENYING IN PART

Before the Court is the "First Interim Application for Compensation of Jarrod B. Martin, Subchapter V Trustee" (ECF No. 107). The Applicant is seeking an order approving this "final application for compensation." The Applicant requests this Court's approval of fees in the amount of $19,150.50 and additional expenses in the amount of $472.93, for a total sum of $19,623.43 as an administrative claim as the disbursing agent under a confirmed plan. The Court approves the Fee Application in part and denies it in part.

The Court has an independent duty to review fee applications, notwithstanding the absence of objections by the United States Trustee, creditors, or any other interested party.[1] The Court notes the lack of objection to the fee application. The Supreme Court has held that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney fees under federal statutes which provide for such fees.[2] The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. However, the lodestar method also allows discretion to adjust the lodestar amount.[3] The Court may also consider other factors, including the twelve *Johnson*[4] factors.

In assessing the reasonableness of the requested fees, the Court has broad discretion to award or curtail attorneys' fees under Section 330.[5] Furthermore, 11 U.S.C. § 330(a)(4)(A) mandates that "the court shall not allow any compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case. The party requesting a fee award has the burden of establishing the reasonableness of its request.[6]

---

[1] *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1994). *See also In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 n. 1 (9th Cir. 1985); *In re Copeland*, 154 B.R. 693 (Bankr. W.D. Mich. 1993); 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2016.

[2] *See, e.g., Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)(lodestar method used to calculate fees under 42 U.S.C. § 1988); *Shipes v. Trinity Industries*, 987 F.2d 311 (5th Cir. 1993).

[3] *In re Cole*, 18-35182, 2020 WL 4577236 (Bankr. S.D. Tex. July 20, 2020).

[4] *Johnson v. Georgia Highway Exp., Inc*., 488 F.2d 714 (5th Cir.1974).

[5] *In re Woerne*r, 783 F.3d 266 (5th Cir. 2015).

[6] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).

Here, the Court is concerned with the time expended and the fee requested for certain tasks, as well as the sufficiency of time entries in this application. Requests for fees on account of unnecessary or duplicative work are also excessive.[7] The Court stresses that efficiency of counsel is of paramount importance in these cases and will reduce the requested fees by $179.50.

To assess the reasonableness of the requested fees, it is important that time entries not be vague with respect to time expended on each individual task, and/or are not bundled.[8] The instant fee application contains entries that are vague and/or lump services together: The entry in the time records at 9/30/21 is illustrative. "Attention to correspondence with J. Martin and N. Taherian regarding plan payments and trustee adequate protection; conference call with J. Martin regarding same." (.30). The court is unable to determine how much time was spent on each individual task and whether one task took substantially more time that the others. The court will therefore reduce the fees requested for time that was vague or bundled[9] by 20% or $31.30.

Further, the services performed must be legal in nature, rather than clerical. This application consists mostly of accounting services as the trustee acted as a disbursing agent which should be billed at a lower hourly rate. Lara A. Coleman performed these services. Counsel billed 77.40 hours for Lara A. Coleman at $225.00 per hour. The Court finds that these services should be billed at $150.00 per hour. Accordingly, the Court reduces the requested fees by $5,692.50.

**THEREFORE, IT IS ORDERED** that the Application for Compensation of Jarrod B. Martin, Subchapter V Trustee is approved in part and denied in part, and the applicant is awarded compensation in the amount of $13,247.20, and expenses in the amount of $472.93, for a total sum of $13,720.13 for his work as the disbursing agent.

**IT IS FURTHER ORDERED** that Mr. Martin may apply the funds on retainer to the total fee award; and

**IT IS FURTHER ORDERED** that Big Kat Daddys, LLC shall pay the difference between the retainer and the total compensation and expense award within seven (7) days of entry of this Order.

SIGNED 12/02/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[7] *In re Cole*, *supra*. See entries at 9/15/21 where there are two .10 entries with the exact same description: "emails with J. Martin regarding interim compensation motion." In addition, there are entries where both timekeepers billed for the same interoffice conference; see entries at 10/28/21, 10/3/22, 2/7/23 and 5/21/24.

[8] *In re Pettibone*, 74 B.R. 74 B.R. 293 at 307 (Bankr. N.D. Ill. 1987); *In re Amatex Corp.*, 70 B.R. 624, 627-628 (Bankr. E.D. Pa. 1985).

[9] See entries at 9/30/21 and 1/28/22.